IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | | |
| PARIS EDWARD THOMAS LOYLE | ) | Case No. | 19-10065 |
| KATHERINE CHRISTINE LOYLE, | ) | Chapter | 7 |
| | ) | | |
| Debtors. | ) | | |
| | ) | | |
| PARIS EDWARD THOMAS LOYLE AND | ) | | |
| KATHERINE CHRISTINE LOYLE, | ) | | |
| Plaintiffs | ) | | |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| UNITED STATES DEPARTMENT OF | ) | | |
| EDUCATION, NAVIENT SOLUTIONS | ) | Adv. Proc. No. | |
| LLC, EDUCATIONAL CREDIT | ) | | |
| MANAGEMENT CORPORATION, | ) | | |
| FEDLOAN SERVICING, EDUCATIONAL | ) | | |
| COMPUTER SYSTEMS, INC, R3 | ) | | |
| EDUCATION INC, FIRSTMARK | ) | | |
| SERVICES, CITIZENS ONE, TAB BANK, | ) | | |
| and AMERICAN EDUCATION SERVICES | ) | | |
| Defendants. | | | |

**DEBTORS' COMPLAINT TO DETERMINE DISCHARGE OF STUDENT LOANS**

Plaintiffs, Paris and Katherine Loyle, by and through their undersigned counsel, hereby requests that the Court enter an order determining that the Plaintiffs are entitled to a discharge of their student loans, as excepting such discharge would be an undue hardship for the Plaintiffs pursuant to 11 U.S.C. § 523(a)(8). In support of their Complaint, the Loyles state as follows:

**JURISDICTION AND VENUE**

1. On January 17, 2019, the Debtors/Plaintiffs, Paris Edward Thomas Loyle and Katherine Christine Loyle, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, case number 19-10065, in the United States Bankruptcy Court for the District of Kansas.

2. This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a) and (b)(2)(I). Plaintiffs consent to entry of final orders and judgments by the Bankruptcy Court.

3. This Court has venue over this proceeding under 28 U.S.C. §§ 1408 and 1409.

## PARTIES

4. Plaintiffs are natural persons presently residing in Kansas and are the Debtors in the associated bankruptcy case.

5. Defendant, the United States Department of Education is an executive agency of the government of the United States of America. Service of process may be effectuated pursuant to FRBP 7004(b)(4) by mailing copies of the Complaint and Summons to:

    a. Civil Process Clerk, Office of Stephen McAllister, US Attorney for the District of Kansas, at 301 N. Main Street, Ste 1200, Wichita, Kansas, 67202;

    b. Attorney General of the United States, US Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001;

    c. Education Department, Office of General Counsel, 400 Maryland Ave, SW, Room 6E353, Washington, DC 20202-2110.

6. Defendant, Navient Solutions, LLC, is a corporation registered in the State of Kansas. Navient may be served at its registered agent, Corporation Service Company, 2900 SW Wanamaker Drive, Ste 204, Topeka, KS, 66614.

7. Defendant, Educational Credit Management Corporation ("ECMC") is not registered to do business in Kansas. According to its website, it may be contacted by US mail at ECMC, 111 Washington Avenue South, Ste 1400, Minneapolis, MN 55401. ECMC may

also be served by its Minnesota registered agent, CT Corporation System, Inc, 1010 Dale St N, St. Paul, MN, 55117-5603.

8. Defendant, FedLoan Servicing is not registered to do business in the state of Kansas. According to its website, letters and correspondence may be sent to FedLoan Servicing, PO Box 69184, Harrisburg, PA, 17106-9184. FedLoan Servicing is owned by Pennsylvania Higher Education Assistance Agency ("PHEAA"). PHEAA is not registered to do business in the state of Kansas, but may be served at its Nationwide Multistate Licensing System ("NMLS") address, 1200 North 7th Street, Harrisburg, PA, 17102.

9. Defendant, Educational Computer Systems, Inc, ("ECSI"), is registered to do business in the state of Kansas and may be served at its registered agent, The Corporation Company, Inc, 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

10. Defendant, R3 Education Inc. is not registered to do business in Kansas. It may be served at its principal office, 27 Jackson Road, Suite 300, Devens, MA 01434, and by its Massachusetts registered agent, Corporation Service Company, 84 State Street, Boston, MA 02110.

11. Defendant, Firstmark Services, is a division of Nelnet Servicing, LLC. Neither is registered to do business in the state of Kansas. It may be served at its NMLS registered address, 121 South 13th Street, Lincoln, NE 68508.

12. Defendant, Citizens One, is the national lending division for Citizens Bank, NA, which may be served by certified mail to an officer at One Citizens Plaza, Providence, RI 02903.

13. Defendant, TAB Bank, is a dba for Transportation Alliance Bank, Inc, which may be served by certified mail to an officer at 4185 Harrison Boulevard, Suite 200, Ogden, UT 84403.

14. Defendant, American Education Services ("AES"), is not registered to do business in Kansas. According to its website, letters and correspondence may be sent to American Education Services, PO Box 2461, Harrisburg, PA 17105-2461. AES is owned by Pennsylvania Higher Education Assistance Agency ("PHEAA"). PHEAA is not registered to do business in the state of Kansas, but may be served at its Nationwide Multistate Licensing System ("NMLS") address, 1200 North 7th Street, Harrisburg, PA 17102.

# FACTS

Facts Relating Solely to Paris Loyle

15. Plaintiff, Paris Loyle, obtained a Bachelor of Arts in English from Regis University in Denver, Colorado, in 1993.

16. He obtained a Doctor of Chiropractic from Parker University in Dallas, Texas, in 1998.

17. From September 2007 to April 2012, Paris attended St. Matthew's University in the Cayman Islands, obtaining a Medical Doctor degree.

18. Following his graduation, Paris was not matched with a residency program. He has attempted to be matched to residency programs since his graduation, however, he has been unable to be matched.

19. Without a residency, Paris is unable to become a fully licensed medical doctor.

20. Paris has student loans serviced by Navient for the Department of Education. These consist of the Direct Consolidated Subsidized Loan and Direct Consolidated Unsubsidized Loan.

21. The current principal balances on these loans are approximately $77,519 and $136,353. He is currently on an Income Based Repayment Program with these loans.

22. Paris has loans through Navient called "Grad Excel" loans. He owes principal balance of approximately $52,698 on these two loans.

23. Paris has a loan through R3 Education Inc., which is serviced through ECSI. He owes approximately $8,603 in principal balance on this loan.

24. Paris has a loan through TAB Bank, with a current principal balance of approximately $25,122.

25. Paris has a loan through American Education Services, with a current principal balance of approximately $68,986.

26. In total, Paris owes principal of approximately $369,281 on his student loans.

27. Paris is currently employed at Air Capital Chiropractic LLC in Wichita, Kansas.

Facts Relating Solely to Katherine Loyle

28. Plaintiff, Katherine Loyle, obtained a Bachelor of Science in Secondary Education from the University of Maine in 2000.

29. She obtained a Master of Arts in Education Curriculum and Instruction from the University of Phoenix in 2003.

30. In 2011, Katherine obtained a Master of Arts in Interdisciplinary Studies, English and Communications, from the University of Houston-Victoria.

31. Katherine owes student loans serviced by FedLoan Servicing and owned by the Department of Education. She has both a subsidized consolidation loan and an unsubsidized consolidation loan.

32. For these two loans, Katherine owes principal amounts of approximately $48,831 and $98,294.

33. Katherine also owes Firstmark Services, guaranteed by Citizens One, approximately $28,298.

34. Paris's mother, Pam Loyle, is cosigned with Katherine on the Firstmark loan.

35. In total, Katherine owes approximately $175,425 on her student loans.

36. Katherine currently works for U.S.D. 385, Andover Public Schools, where she earns a gross salary of $57,545 for the 2019-2020 school year.

Facts Relating to Both Plaintiffs

37. The Plaintiffs have 5 children together, 4 daughters and 1 son. At this time, their children are aged 17, 15, 13, 8, and 4.

38. In 2019, the Plaintiffs had gross wages of $112,009.

39. In 2018, the Plaintiffs had gross wages of $126,955, and gross receipts from tutoring of $4,558, for a total income on their tax return of $131,513.

40. This was an increase from previous years, as they had a total income in 2017 of $73,415, and in 2016 of $55,424.

41. The Plaintiffs have an approximate net income of $7,835.56 per month.

42. The Plaintiffs regular monthly expenses, other than student loans, total approximately $7,200 per month.

43. The difference between the income and expenses for the Plaintiffs totals $635.56.

44. The Plaintiffs' combined student loans are summarized in the following table:

| Person | Loan Type | Date of Loan | Original Loan Amount | Current Principal |
|---|---|---|---|---|
| Paris | Direct Consolidated Subsidized | 5/11/2012 | $68,105.00 | $77,519.00 |
| Paris | Direct Consolidated Unsubsidized | 5/11/2012 | $105,402.00 | $136,353.00 |
| Paris | Grad Excel | 8/30/2006 | $19,200.30 | $52,698.26 |
| Paris | Grad Excel | 12/28/2006 | $19,199.25 | |
| Paris | Heartland Lender R3 | 3/24/2010 | $10,000.00 | $8,603.07 |
| Paris | Transportation Alliance (TAB) | | | $25,122.00 |
| Paris | AES | 8/29/2007 | $69,399.00 | $68,986.00 |
| Katherine | Direct Sub Consolidation Loan | 5/17/2012 | $40,254.36 | $48,831.99 |
| Katherine | Direct Unsub Consolidation Loan | 5/17/2012 | $75,104.67 | $98,294.67 |
| Katherine | Firstmark Citizens1 | 2/18/2015 | $35,954.87 | $28,298.23 |
| | | | | |
| Total | | | | $544,706.22 |

## ARGUMENT

<u>The Plaintiffs cannot maintain a minimal standard of living while repaying the student loan debt.</u>

45. It is clear from the Plaintiffs' current budget that they are unable to maintain a minimal standard of living for themselves and their dependents while making any meaningful payment on the student loans.

46. The Plaintiffs have over $544,000 in student loans together.

47. Any sort of payment that the Plaintiffs could make on the student loans would not even pay for the interest accruing on the loans.

<u>The Plaintiffs' situation is likely to persist for a significant portion of the repayment period.</u>

48. As the Plaintiffs have several minor children, and Dr. Loyle is unable to be a licensed medical doctor, it is unlikely that they would have enough funds at any point in the future to make a meaningful payment on the student loans.

<u>The Plaintiffs file this adversary proceeding to discharge the student loans in good faith.</u>

49. The Plaintiffs have made a good faith effort to repay the student loans and are seeking this discharge of the student loans in good faith.

50. The Plaintiffs seek the discharge of the student loans in order to not place undue hardship upon themselves and their children.

## RELIEF REQUESTED

51. The Plaintiffs seek a fresh start from their chapter 7 bankruptcy case, and to do so, Plaintiffs assert that their debt for educational loans should be discharged. Excepting the student loans from discharge would constitute an undue hardship for the Plaintiffs and the Plaintiffs' dependents.

WHEREFORE, the Plaintiffs respectfully request that this Court adjudge and decree that the repayment of the student loan debts would impose an undue hardship on the Plaintiffs and their dependents as specified in 11 U.S.C. § 523(a)(8), that the Plaintiffs' educational debts be included in the discharge granted by this Court under 11 U.S.C. § 727 on April 22, 2019, and for such other relief as this Court deems just and proper.

Respectfully Submitted:

ERON LAW, P.A.
Attorney for Plaintiffs

   s/ *January M. Bailey*
January M. Bailey, #23926
301 N. Main, Ste 2000
Wichita, KS 67202
T: (316) 262-5500
F: (316) 262-5559
january@eronlaw.net